# CHARLESTON.

MABEL HEATH (*Formerly Mabel Gilkison*) *v.* L. W. GILKISON

(No. 6753)

Submitted October 28, 1930. Decided November 18, 1930.

*J. M. Life* and *Vinson, Thompson, Meek & Scherr,* for appellant.

*Estep & Bland,* for appellee.

LITZ, JUDGE:

The plaintiff and the defendant intermarried March 6, 1916, and lived together as husband and wife until July 9, 1926. On July 23, 1926, they entered into a written contract as follows:

"That, whereas, the said parties are now separated, and the said Mabel *Gilison* desiring to live at Mt. Hope, Fayette County, West Virginia, for the present, or for an indefinite time, and the said parties desiring to agree upon what would be a reasonable support to be paid to said Mabel Gilkison, by her husband, Dr. L. W. Gilkison, agree as follows:

It is agreed that said Dr. L. W. Gilkison shall pay for the moving of said Mabel Gilkison's household goods from Huntington to Mt. Hope, West Virginia, but that the said Dr. L. W. Gilkison reserves the right to employ whoever he may choose for the purpose of moving the household goods to Mt. Hope, and that the said Dr. Gilkison is to pay to said Mabel Gilkison, the sum of $100.00 per month, commencing from this date, and to be paid monthly for a period of three years.

The said Mabel Gilkison is now possessed of an Oldsmobile car, with an indebtedness of about $780.00 against it, and said Dr. L. W. Gilkison hereby agrees to pay the above indebtedness against the said automobile, and give that to his wife, clear of all debts, or that if the said Mabel Gilkison will deliver the said car to Dr. Gilkison, in good condition, he then hereby agrees to deliver to her, free of all costs and clear of all indebtedness, a Dodge Coupe, which costs about $1,020.00, fully equipped.

It is further agreed and understood between the parties to this agreement, that during the life of this contract, and dur-

ing the time the said Dr. L. W. Gilkison is making payments to his wife, that she shall not in any way make debt or debts of any kind or character, chargeable to said Dr. Gilkison, and that the sole responsibility and the whole responsibility of said Dr. Gilkison toward his said wife, is the payment of $100.00 per month, as above stated, the moving of her household goods to Mt. Hope and giving her the automobile as above set out.

In further consideration of the above claim the said Mabel Gilkison hereby agrees that she will sign all deeds and releases of deeds in and to any property that the said Dr. L. W. Gilkison may desire her to sign, insofar as she may have any right, title and interest, by virtue of she being the wife of said Dr. L. W. Gilkison and agrees to join in any deeds of conveyance that he may make, to any property owned by him. * * *."

November 24, 1926, she instituted suit against him, in the domestic relations court of Cabell County, for divorce from bed and board on the ground of cruelty and desertion. A decree was entered in the cause March 17, 1927, granting her a partial divorce, as prayed, and proceeding as follows: "* * * and it being stated to the court by the plaintiff and defendant, and also by testimony of the plaintiff upon the trial, that the property rights of the plaintiff and defendant have been settled and that the plaintiff does not desire nor ask for alimony.

It is therefore further adjudged, ordered and decreed that the plaintiff and defendant be perpetually separated and protected in their person and property, and that neither shall have any interest in the others property, whether heretofore or hereafter acquired, and that the said L. W. Gilkison shall not have any right of curtsey of the plaintiff, Mabel Gilkison, and that the said Mabel Gilkison shall not have any right of dower in the property of said L. W. Gilkison, whether acquired before this date or hereafter acquired by either of them, this decree being for a final and full settlement of all their property rights, giving to each the plaintiff and the defendant, the right to convey their property, with covenants of general warranty, without the other joining in any deed or writing of any kind of character."

The defendant paid only three of the monthly installments provided for in the contract, and, after the decree of March

17, 1927, refused to recognize further liability thereunder. The present suit was instituted December 15, 1928, for an absolute divorce and alimony. The bill, in part, charges, substantially, that plaintiff consented to that part of the decree, in the former cause, settling the property rights of the parties, because of the representation and assurance of defendant that her right to support and maintenance was amply protected under the contract, which she was also induced to sign, as the bill further charges, because of her weakened mental and physical condition, due to long illness, and his representation that she would, by so doing, be fully provided with proper maintenance and support.

The defendant, in answering the bill, attempts to justify his refusal to discharge his further obligations to the plaintiff because before instituting the first suit (after consulting counsel) she declined to sign a trust deed conveying his residence property in the city of Huntington, notwithstanding he also asserts that the decree of March 17, 1927, deprived her of her rights in all of his property. He does not, however, specifically deny the charges in the bill of fraudulent inducement. According to the uncontroverted testimony of A. W. Fraley, who represented the defendant in the transaction, she was induced to sign the contract as the result of his promise to pay her maintenance of one hundred dollars per month. The written contract, in the light of the surrounding circumstances, was, in our opinion, intended only as a temporary arrangement during the three-year period required under the statute for an absolute divorce on the ground of desertion. By decree of March 11, 1929, the domestic relations court granted plaintiff an absolute divorce and rendered judgment in her favor against the defendant upon the basis of the monthly payments provided for by the written contract, in the sum of $3,300.00 and $100.00 per month after July 29, 1929, until further order. The circuit court reversed this decree in so far as it renders a decretal judgment in favor of the plaintiff. The defendant insists that the plaintiff is bound by the decree of March 17, 1929, and that the trial court was without jurisdiction to enter other than a decree for divorce. It may be assumed that the first decree was final and that the court could

not at a later term or in a subsequent suit set it aside without cause. Sufficient cause, based upon fraudulent inducement, appears.

The decree of the circuit court is, therefore, reversed.

*Reversed.*